UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDEEP S., <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, et al., <br><br> Respondents. | No. 1:26-cv-00766-TLN-AC <br><br> **ORDER** |

This matter is before the Court on Petitioner Sandeep S.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) For the reasons set forth below, the Court GRANTS Petitioner's Petition.

///
///
///
///
///
///
///
///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

The instant action arises from Petitioner's allegedly unlawful detention. (*See* ECF No. 1.) Petitioner was born in India and entered the United States on August 17, 2022, without inspection. (ECF No. 2 at 3.) Petitioner was briefly detained by U.S. Department of Homeland Security ("DHS") pursuant to a Form I-200 Warrant for Arrest and was subsequently released on parole. (*Id.*) DHS released Petitioner subject to supervision, including placement on the Alternative to Detention ("ATD") program and regular U.S. Immigration and Customs Enforcement ("ICE") check-ins. (*Id.*)

From the moment of his release, Petitioner fully complied with every condition imposed. (*Id.*) Petitioner has now lived continuously in the United States for over three years. (*Id.*) During that entire period, he never missed a single ICE appointment, ATD check-in, or reporting obligation. (*Id.*) He never absconded, evaded supervision, or violated any term of his parole. (*Id.*) While under ICE supervision, Petitioner obtained lawful employment authorization, worked consistently, and established deep ties to his local community. (*Id.*) Petitioner demonstrated stability, reliability, and integration. (*Id.*) Petitioner has no criminal history of any kind. (*Id.*)

On September 14, 2022, DHS served Petitioner with a Notice to Appear ("NTA"), charging him as removable solely under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (*Id.*) DHS did not allege any criminal conduct, fraud, or other grounds of removability. (*Id.* at 3–4.) Petitioner timely pursued relief from removal and continued to comply with all conditions of supervision. (*Id.* at 4.) At no point did DHS allege that Petitioner posed a danger to the community or a risk of flight. (*Id.*)

On January 18, 2026, Petitioner appeared on time for a scheduled ICE appointment, exactly as required and exactly as he had done repeatedly for years. (*Id.*) At that appointment, ICE unexpectedly re-detained Petitioner. (*Id.*) ICE provided no advance notice, alleged no violation of release conditions, and cited no individualized justification for the deprivation of his liberty. (*Id.*)

---

[1]   The following factual background is taken largely verbatim from Petitioner's brief in support of his motion for temporary restraining order. (ECF No. 2.)

2

On January 29, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the lawfulness of his civil detention and seeking release.  (ECF No. 1.)  On January 29, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered Respondents to show cause why the Petition should not be granted.  (ECF No. 4.)  On February 5, 2026, Respondents filed a response to the order to show cause and motion to dismiss the Petition.  (ECF No. 8.)  Petitioner did not file a reply.  The Court therefore considers the Petition on its merits.

### II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

In his Petition for Writ of Habeas Corpus, Petitioner claims he is being unlawfully subjected to mandatory detention in violation of the Immigration and Nationality Act ("INA") and due process.[2]  (*See* ECF No. 1.)  In response, Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 7 at 1–2.)  Respondents also argue Petitioner was detained by ICE

---

[2] Petitioner also asserts claims for a violation of his Fifth Amendment rights to substantive and procedural due process.  (ECF No. 1 at 8–9.)  The Court finds it need not address Petitioner's additional claims to rule on the Petition, as these claims seek the same relief Petitioner seeks in his INA claim.

3

because of multiple violations of the terms of his release.  (*Id.* at 2.)

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the Government has broad discretion whether to release or detain the individual.  *Id.*  Further, § 1226(a) provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  *Id.* at 1202.  Conversely, § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.

This Court agrees with Petitioner that the text and legislative history of the INA demonstrates that § 1226(a) governs his detention, not § 1225, and he is entitled to the process § 1226(a) requires, including a bond hearing.  (ECF No. 2 at 5–7.)  This Court and many others have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States.  *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position).  To reiterate, absent a higher court order holding otherwise, this Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b) and therefore disagrees with Respondents (*see* ECF No. 7 at 2).  Petitioner is instead subject to § 1226(a) and is therefore entitled to the process that statute requires, including a bond hearing at a minimum.  Yet, Respondents have not provided any hearing to Petitioner either pre- or post-detention.  The Court accordingly finds Respondents violated Petitioner's statutory rights under the INA.[3]

---

[3] Respondents request in the alternative that the Court hold its ruling on the merits in abeyance pending the Ninth Circuit's decision regarding the appeal in *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).  (ECF No. 7 at 2.)  The Court denies this request.  Because the Court finds Respondents violated the INA, the Court will not delay injunctive relief on the prospective chance a pending appeal could change this outcome.

1    Respondents note that Petitioner was detained by ICE because of multiple violations of

2  the terms of release and attach an ATD violation log that appears to reflect three missed check-ins

3  in 2023, one failed home visit in 2024, and one missed check-in in 2025.  (ECF No. 7 at 2; *see*

4  ECF No. 7-2.)  Other than this one sentence, however, Respondents do not offer any substantive

5  argument on this point.  (*See* ECF No. 7.)  8 C.F.R. § 236.1(c)(9), which governs revocation of

6  release, provides:

7
> When [a noncitizen] who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the [noncitizen] may be taken into physical custody and detained.  If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

12  8 C.F.R. § 236.1(c)(9).  To the extent Respondents rely on this code section, their argument fails.

13  Respondents do not provide any evidence that Petitioner's release was revoked by anyone with

14  authority to do so.  *See S-M-J v. Bostock*, No. 6:25-CV-01425-MTK, 2025 WL 3137296, at *4

15  (D. Or. Nov. 10, 2025) (similarly finding no such evidence).  Instead, Respondents only offer

16  Form I-213, "Record of Deportable/Inadmissible Alien," which is signed by an individual with

17  the title of "Deportation Officer."  (*See* ECF No. 7-1.)  Respondents make no claim that this

18  individual is authorized to make such a determination under 8 C.F.R. § 236.1.  (*See generally*

19  ECF No. 7.)  Accordingly, the Court does not find Respondents' argument persuasive.

20    **IV.    CONCLUSION**

21    For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus

22  (ECF No. 1) and DENIES Respondents' Motion to Dismiss (ECF No. 7).  Respondents are

23  ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance

24  with constitutional protections, including seven-days' notice and a pre-deprivation hearing before

25  a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a

26  significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b)

27  Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that

28  Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall

1 | be allowed to have counsel present.

2 | The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

3 | IT IS SO ORDERED.

4 | Date: February 17, 2026

```
_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE
```